Civil action to set aside certain judgments relating to the foreclosure of alleged liens on real estate on ground of alleged fraud in the procurement thereof.
In complaint filed plaintiff alleges in substance: That W. O. Wolfe died testate in September, 1922, leaving defendant Julia E. Wolfe, as his widow, and Effie W. Gambrell, Frank O. Wolfe, Mabel W. Wheaton, *Page 225 
Fred W. Wolfe and Thomas C. Wolfe, as his only surviving children; that in his will, probated 19 September, 1922, after providing for payment of his debts and certain bequests to his children, above named, he devised and bequeathed all the rest, residue and remainder of his estate, real, personal or mixed, to his wife, Julia E. Wolfe, for the term of her natural life to do with as she sees fit, with full power of sale, management and control as though owned by her in fee, and, subject to said provisions for his children and his widow, he directed that upon the death of his wife, all his property, real, personal or mixed, and wheresoever situate, shall be divided equally between his children hereinbefore named share and share alike, provided that his executors shall have power and authority to charge to said heirs all advancements received by them; that soon after the death of testator, the executors qualified and performed certain of the more important duties but soon became inactive, and the estate passed informally into the hands of the widow, who executed to corporate defendant an "Irrevocable Living Trust Agreement" in which the property, real and personal, conveyed and assigned, included that owned by testator, which she has taken over under the will; that through the foreclosure of certain alleged liens upon the "Home Place" acquired by corporate defendant in course of its administration of said trust agreement, the ownership of said "Home Place" was vested, prima facie, in said defendant, trustee in said trust agreement; that the judgments by which ownership was so vested "were induced and procured by the wilful frauds, deceits, and fraudulent concealments of the corporate defendant, and especially by the fraudulent concealment of authentic information . . . that all of the real property of every character acquired by testator . . . in Asheville had been carried in the name of his wife, as well as the valuable situs of his marble works on the Public Square, as his nearby home on Spruce Street." Upon the allegations plaintiff prays among other things that the judgments be vacated and set aside and that he recover certain specific real estate "the whole being known as the `W. O. Wolfe Home Place.'"
It being made to appear by petition of defendant Wachovia Bank and Trust Company that the children of W. O. Wolfe, above named, and the spouse of each, have interest in this action "in common with the interest of the plaintiff and are necessary and indispensable parties to a final determination" of it, the court below entered order that they be and are "hereby made parties defendant to this action, and that a summons be issued notifying them to appear and answer any cross action which may be filed by the defendant, Wachovia Bank Trust Company, and when said summons and said answer and cross action of said Wachovia Bank and Trust Company have been served upon said defendants, *Page 226 
each of said defendants so served shall be deemed to be properly in court in this action."
Plaintiffs except thereto and appeal therefrom to Supreme Court and assign error.
In view of the allegations in the complaint, and upon the findings of the court below upon which it is based, the judgment below is proper, and is
Affirmed.